## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

EARNIE L. VIRES,                    )
                                    )
            Petitioner,             )
                                    )
vs.                                 )            Case No.  19-cv-929-SMY
                                    )
B. TRUE,                            )
                                    )
            Respondent.             )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Earnie L. Vires, an inmate of the United States Bureau of Prisons ("BOP") currently incarcerated at U.S. Penitentiary Marion ("Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  Vires seeks the restoration of good time credits that were never restored to him after his disciplinary record was expunged and requests that his § 2241 Petition be expedited.  (Doc. 4).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

Vires is challenging the loss of 41 days of good time credit stemming from Incident Report #3221303.  (Doc. 1, p. 2).  He appealed the guilty finding due to lack of evidence and was notified on June 14, 2019 Vires that his Incident Report was overturned.  (*Id.*).  Vires claims, however, that he never received the restoration of his good time credits.  He argues that his due process rights have been violated because his good time credits were never restored and he did not receive proper

1

written or verbal notice of any further proceedings against him which would justify the continued revocation of his good time credits.

Disciplinary hearings that deprive an inmate of good conduct credit and as a result, increase the inmate's period of incarceration, may serve as a basis for requesting habeas relief. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). To adhere to due process, a disciplinary decision that results in the loss of good conduct credit must provide the inmate with the following procedural safeguards: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns to call witnesses and present evidence in this or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Vires alleges he was deprived of the first safeguard because of the lack of advance notice that his previously revoked good time credits, which should have been restored, would remain revoked due to further proceedings against him. (Doc. 1, p. 6).

Given the limited record, it is not plainly apparent that Vires is not entitled to habeas relief. As Vires claims that he would be entitled to immediate release if his good time credits were restored to time, the Court **GRANTS** Vires' Motion to Expedite Review (Doc. 4).

### Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within **14 days** of the date this order is entered (on or before December 19, 2019).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the Respondent) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 5, 2019**

*s/ Staci M. Yandle*_____
**STACI M. YANDLE**
**United States District Judge**